[ATTORNEY NAME AND CONTACT INFORMATION ON SIGNATURE PAGE]

## UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH SACRAMENTO LAND COMPANY; LEVEE DISTRICT 1; RECLAMATION DISTRICT 784; SACRAMENTO VALLEY LANDWONERS ASSOCIATION; BUTTE COUNTY FARM BUREAU; SOLANO COUNTY FARM BUREAU; and YOLO COUNTY FARM BUREAU,<br><br>    Plaintiffs,<br><br>            v.<br><br>UNITED STATES FISH AND WILDLIFE SERVICE; KEN SALAZAR, in his official capacity as Secretary of the Department of Interior; DANIEL M. ASHE, in his official capacity as Director of the UNITED STATES FISH AND WILDLIFE SERVICE; and REN LOHOEFENER, in his official capacity as Regional Director of the Pacific Southwest Region of the UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>    Defendants. | CASE NO. 2:12-cv-618-JAM-CKD<br><br>**STIPULATED SETTLEMENT AGREEMENT** |

    Plaintiffs North Sacramento Land Company; Levee District 1; Reclamation District 784; Sacramento Valley Landowners Association; Butte County Farm Bureau; Solano County Farm Bureau; and Yolo County Farm Bureau (collectively "Plaintiffs") and Defendants United States

PDF created with pdfFactory trial version www.pdffactory.com

Fish and Wildlife Service (the "Service"); Ken Salazar, in his official capacity as Secretary of the Department of the Interior; Daniel M. Ashe, in his official capacity as Director of the Service; and Ren Lohoefener, in his official capacity as Regional Director of the Pacific Southwest Region of the Service (collectively "Federal Defendants"), by and through their undersigned counsel, state as follows:

WHEREAS, on August 8, 1980, the Service listed the Valley Elderberry Longhorn Beetle (*Desmocerus californicus dimorphus*) ("VELB") as "threatened" pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 et seq., 45 Fed. Reg. 52,803 (Aug. 8, 1980);

WHEREAS, on September 9, 2010, the Service received Plaintiffs' petition to delist the VELB;

WHEREAS, on August 19, 2011, the Service announced a 90-day finding pursuant to 16 U.S.C. § 1533(b)(3)(A), that the petition presented substantial scientific information indicating that the petitioned action may be warranted, 76 Fed. Reg. 51,929 (Aug. 19, 2011);

WHEREAS, on March 12, 2012, Plaintiffs filed a Complaint for declaratory and injunctive relief, alleging a violation of the ESA, 16 U.S.C. § 1533(b), for the Service's failure to make a timely 12-month finding on Plaintiffs' petition to delist the VELB and a violation of the Administrative Procedure Act, 5 U.S.C. § 706(1), for unlawfully withholding or unreasonably delaying that determination (ECF No. 1);

WHEREAS, the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' Complaint;

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

PDF created with pdfFactory trial version www.pdffactory.com

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1. On or before September 28, 2012, the Service shall submit to the Federal Register a 12-month finding pursuant to 16 U.S.C. § 1533(b)(3)(B) on the September 2010 petition to delist the VELB.

2. Either party may seek to modify the deadline for the action specified in Paragraph 1 for good cause shown, consistent with the Federal Rules of Civil Procedure. In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Settlement Agreement ("Agreement"), the parties shall use the dispute resolution procedures specified in Paragraph 3 below.

3. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline for the actions specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim. The parties agree that they will meet and confer (either telephonically or in-person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court. Each party reserves the right to oppose the other party's written motion to modify the Order entering this Agreement and to dispute the other party's claim of good cause for why modification should be granted by the Court. In the event that Federal Defendants fail to meet a deadline and have not sought to modify it, Plaintiffs' first remedy shall be a motion to enforce the terms of this Agreement. This Agreement shall not, in

PDF created with pdfFactory trial version www.pdffactory.com

the first instance, be enforceable through a proceeding for contempt of court.

    4.    No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable time line for making a determination or undertaking a status review under 16 U.S.C. § 1533 in any other proceeding regarding the Service's implementation of the ESA.

    5.    This Agreement only requires Federal Defendants to take actions by the deadline specified in Paragraph 1 and does not limit the Service's authority with regard to the substantive outcome of any determinations. To challenge any final determination issued in accordance with this Agreement, Plaintiffs will be required to file a separate action. Plaintiffs do not waive their ability to challenge substantive decisions made by Federal Defendants pursuant to Paragraph 1, and Federal Defendants do not waive any applicable defenses.

    6.    Moreover, Federal Defendants agree to pay $1000.00 to settle Plaintiffs' claim for fees and costs pursuant to 16 U.S.C. § 1540(g)(4). Counsel for Plaintiffs shall provide counsel for Federal Defendants all necessary account information, and Federal Defendants shall submit all necessary paperwork for the administrative processing of the payment to the Department of Treasury's Judgment Fund Office within ten (10) business days of issuance of the signed Court Order approving this Agreement, or receipt of all necessary information from counsel for Plaintiffs, whichever is later.

    7.    Plaintiffs agree to accept the payment of $1000.00 in full satisfaction of any and all claims for litigation fees and costs, through and including the date of this Agreement.

    8.    The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the parties. By entering into this Agreement, the parties do not waive any claim or defense.

    9.    By this Agreement, Federal Defendants do not waive any right to contest fees claimed by Plaintiffs, including the hourly rate, in any future litigation or continuation of the

present action. Further, this stipulation as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

10. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that obligates Federal Defendants to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

11. Each of the parties' undersigned representatives certifies that they are fully authorized to enter into and execute the terms and conditions of this Agreement, and do hereby agree to the terms herein.

12. In view of this Agreement, the parties hereby stipulate to the dismissal with prejudice of Plaintiffs' Complaint (ECF No. 1) in the above-captioned case.

13. Notwithstanding the dismissal of Plaintiffs' Complaint, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).

14. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

15. Based upon the foregoing, the parties respectfully request that the Court enter an order ratifying the parties' Agreement and dismissing Plaintiffs' Complaint with prejudice (ECF No. 1).

IT IS SO STIPULATED.

PDF created with pdfFactory trial version www.pdffactory.com

Respectfully Submitted,

M. REED HOPPER
DAMIEN M. SCHIFF
/s/ Brandon M. Middleton
BRANDON M. MIDDLETON (authorized on June 11, 2012)
Pacific Legal Foundation
930 G Street
Sacramento, CA 95814
(916) 419-7111 (tel)
(916) 419-7747 (fax)
bmm@pacificlegal.org
Attorneys for Plaintiffs

IGNACIA S. MORENO,
Assistant Attorney General
SETH M. BARSKY, Chief
KRISTEN L. GUSTAFSON,
Assistant Chief

/s/ Mary E. Hollingsworth
MARY E. HOLLINGSWORTH
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0324 (tel)
(202) 305-0275 (fax)
mary.hollingsworth@usdoj.gov
Attorneys for Federal Defendants

IT IS SO ORDERED:

DATE:  6/11/2012

/s/ John A. Mendez

U. S. DISTRICT COURT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com